## SIXTH AMENDED TOLLING AGREEMENT

WHEREAS, the United States Attorney's Office for the Western District of Pennsylvania (the "USAO") and the Office of the Inspector General of the U.S. Department of Health and Human Services (hereinafter, "HHS-OIG") have conducted an investigation of alleged false claims and billings submitted during the period of 1993 through 2002 to Medicare and other federal health care programs, including the Federal Employees Health Benefit Program ("FEHB"), in conjunction with the management and services provided to beneficiaries of Medicare and other federal health care programs at patient care centers of Ohio Valley General Hospital ("OVGH"), including, *inter alia*, alleged direct billings for the cost of the drug Procuren, alleged duplicate billings for both a debridement and an office visit at the same time, and in the alleged inclusion of non-reimbursable costs in OVGH's Cost Reports and the alleged improper classification of cost centers on OVGH's Cost Reports, which are used by Medicare and other federal health care programs for the reimbursement of costs, which were prepared and filed by OVGH with Medicare and other federal health care programs for the years 1993-2002, (hereinafter, "the Matter"); and

WHEREAS, the United States is considering filing a complaint against OVGH pursuant to the False Claims Act, 31 U.S.C. §§ 3729, *et seq*. (the "FCA") and the common law; and



PLAINTIFF'S
EXHIBIT

1

WHEREAS, OVGH and the USAO desire additional time to discuss the Matter, and

WHEREAS, the USAO desires to avoid the running of or expiration of the statute of limitations during the period while such discussions proceed.

NOW THEREFORE IT IS AGREED THAT:

1.   With respect to any action under the FCA and/or the common law, relating to the Matter, the period of time between June 25, 2003 and September 30, 2004 (the "Tolling Period"), shall be excluded from any and all of the applicable  statute of limitations periods which would otherwise apply, and OVGH will waive and not plead or otherwise raise any statute of limitations defense in response to a complaint filed under the FCA and/or the common law relating to the Matter on account of the statute of limitations for any period of time to which the Tolling Period applies.

2.   Except as set forth above, all other defenses, by way of statutes of limitations or otherwise, are reserved by OVGH.

3.   This agreement may be modified or extended, but only by a writing signed by both parties.

4.   This agreement may be executed in duplicate.

As to OHIO VALLEY GENERAL HOSPITAL:

By: _____
    William Day
    Chief Financial Officer
    July 30 , 2004

By: _____
    Mark A. Rush, Esquire
    Kirkpatrick & Lockhart LLP
    Attorneys for Ohio Valley
    General Hospital
    July 30 , 2004

As to the UNITED STATES OF AMERICA

    Mary Beth Buchanan
    United States Attorney

By: _____
    Robert L. Eberhardt
    Assistant U.S. Attorney
    July 13 , 2004